419 N.W.2d 894 (1988)
In re the Claim of Sharlene M. OLSON for Compensation From the North Dakota Workers Compensation Fund.
Sharlene M. OLSON, Appellant,
v.
NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,
Frederick's Flowers, Respondent.
Civ. No. 870278.
Supreme Court of North Dakota.
February 25, 1988.
*895 Baker Legal Clinic, Fargo, for appellant; argued by Alan Baker, Fargo.
Clare R. Hochhalter, Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.
MESCHKE, Justice.
Sharlene M. Olson appealed from denial of disability and rehabilitation benefits by the Workers Compensation Bureau. The district court affirmed and so do we.
Sharlene Olson worked in a floral shop. Her job duties included using her hands to dip flowers in a chemical preservative while arranging them. In September 1986, she first noticed a condition, later diagnosed as "cumulative insult chronic dry fissured digitate dermatitis," which affected the thumb, index and third fingers of her right hand. She underwent medical treatment in October, and, at the direction of her dermatologist, was off work for three weeks until October 21. Olson's dermatologist also recommended modifying her working conditions by avoiding chemical irritants and by using protective gloves and hand creams when in contact with chemicals. Despite her precautions, the condition returned and she went back to the doctor on November 11. He again treated her for the same dermatitis plus a newly-developed staph infection with it. She was released to return to work on December 18 and planned to begin work after the holidays. However, when she did return for work, she had been replaced.
In a letter on December 26, 1986, Dr. Vandersteen, her dermatologist, using American Medical Association guidelines for evaluation of impairment of skin, told the Bureau:
"[S]he has a class I impairment (0-5 percent)... signs or symptoms of skin disorder are present but with treatment there is no or minimal limitation in the performance of activities of daily living although certain physical and/or chemical agents might temporarily increase the extent of the limitation."
He also opined that "it is most likely that she would have a recurrence given the same environmental circumstances," but he did not say that she could not work.
The Bureau paid Olson medical benefits beginning in September and temporary total *896 disability benefits for October through December. Olson pressed for continued benefits throughout the spring of 1987, but the Bureau refused, partially because Olson had begun to draw unemployment benefits. On May 5, 1987, after repeated requests by Olson's attorney for a decision, the Bureau formally denied benefits other than medical costs.
Rather than requesting a formal rehearing to offer evidence, see NDCC 28-32-14, Olson appealed directly to the district court. She claimed that she was still totally disabled and that she was entitled to rehabilitation benefits. She argued that the decision of the agency was not supported by a preponderance of the evidence and that she did not receive a fair hearing. The district court reviewed the record and held that "[a] reasoning mind could have reasonably determined that Olson is not entitled to further disability benefits and that rehabilitation is not necessary." The district court also ruled that Olson could not claim the hearing was unfair when she shortcut the process by appealing to the district court rather than requesting an evidentiary rehearing. The district court affirmed the Bureau decision. Olson appealed, claiming that the medical evidence showed indisputably that "Olson will never be able to work as a floral designer again," making her disabled.
We review the record compiled by the administrative agency. Sadek v. Job Service North Dakota, 420 N.W.2d 340 (N.D. 1988). NDCC 28-32-19 governs review of agency decisions. It tells a reviewing court to affirm an agency decision unless, among other things, the findings of fact are not supported by a preponderance of the evidence, and the conclusions and decision are not supported by the findings of fact.[1] In evaluating the Bureau's findings of fact, we consider whether the Bureau "`reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.'" Grace v. North Dakota Workmen's Compensation Bureau, 395 N.W.2d 576, 580 (N.D.1986).
Unfortunately, the lack of a full evidentiary hearing leaves this record rather sparse. Without her own testimony to amplify the moderate medical report, Olson should not have expected more favorable treatment. We can sympathize with Olson's not wanting to wait for a rehearing, especially when the Bureau took four months to formally deny further benefits. Such administrative sluggishness, and the attitude it suggests, may well have prompted her to appeal directly to district court. Neverthless, premature appeal confined decisionmaking to an incomplete record and, similarly, has restricted our appellate review.
From our reading of this record, we conclude that a "reasoning mind could have determined" that Olson was not disabled. "Disability" is defined as "inability to work." NDCC 65-01-02(8). Olson's characterization of the medical evidence is excessive. It does not exclusively connote that Olson "will never be able to work ... again," even as a floral designer. Although Olson argues that she was unskilled and unable to find work, she performed a variety of other tasks in her job, in addition to floral design, including arranging silk flowers, stocking the workroom, taking orders, and performing general *897 management duties. Her dermatitis did not prevent those activities, as only floral arranging required contact with irritating chemicals. And, in the past, she had done other work, housekeeping and record keeping. As the district court said, "Olson has the ability and experience to return to gainful employment of some kind, ... the evidence does not indicate that she is unable to work." We cannot say that it was error to deny Olson disability status, when she was able to perform many employment-related activities. See Jimison v. North Dakota Workmen's Compensation Bureau, 331 N.W.2d 822, 827 (N.D.1983).
Olson argues that she was entitled to rehabilitation. The Bureau is supposed to provide comprehensive rehabilitation services to a qualified claimant. NDCC 65-05.1-01.[2] But, since the Bureau finally concluded that she was not disabled, it is doubtful that Olson was a qualified claimant.
The record is unclear as to whether she rejected assistance offered, or simply did not take advantage of it. As the Bureau pointed out to us, the record shows that some rehabilitation assistance was offered to Olson on February 26, 1987. Although that offer was made weeks after Olson discovered that she had been replaced, the record shows Olson was "aggressively searching for alternate suitable employment" during that period. Even though it was not successful, that search indicates that she had marketable skills. We conclude that the Bureau reasonably found that Olson was not entitled to rehabilitation benefits.
Finally, in this court, Olson barely touches on her argument "that the Bureau's procedures in this case have denied [her] a fair hearing." Because Olson chose to appeal directly to the district court, rather than seek a formal hearing, she cannot argue that she was denied a fair hearing. Davis v. North Dakota Workmen's Compensation Bureau, 317 N.W.2d 820, 822 (N.D.1982) (direct appeal to district court barred claim of improper denial of formal hearing). See further Beckler v. North Dakota Workers Compensation Bureau, 418 N.W.2d 770 (N.D.1988).
This record does not warrant reversal of the Bureau's denial of further disability and of rehabilitation benefits to Olson. Accordingly, we affirm the judgment of the district court upholding the denial of benefits by the Bureau.
ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.
NOTES
[1] NDCC 28-32-19 says, in part:

"[T]he court shall affirm the decision of the agency unless it shall find that any of the following are present:
"1. The decision or determination is not in accordance with the law.
"2. The decision is in violation of the constitutional rights of the appellant.
"3. Provisions of this chapter have not been complied with in the proceedings before the agency.
"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
"6. The conclusions and decision of the agency are not supported by its findings of fact."
[2] NDCC 65-05.1-01 says:

"Rehabilitation services. The state of North Dakota exercising its police and sovereign powers, declares that disability caused by injuries in the course of employment and disease fairly traceable to the employment create a burden upon the health and general welfare of the citizens of this state and upon the prosperity of this state and its citizens.
"It is the purpose of this chapter to provide for the health and welfare by ensuring to workmen's compensation claimants otherwise covered by this title, services, so far as possible, necessary to assist the claimant and the claimant's family in the adjustments required by the injury to the end that the claimant may receive comprehensive rehabilitation services. Such services shall include medical, psychological, economic, and social rehabilitation."