Sandra L. HINTZ, Appellant,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.

Civ. No. 890139.

Supreme Court of North Dakota.

Jan. 18, 1990.

---

Evans & Moench, Ltd., Bismarck, for appellant; argued by Kenneth S. Rau, Bismarck.

Hugh Patrick Seaworth (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

Review shall be as provided in ORS 183.-482(7) and (8)."

GIERKE, Justice.

Sandra Hintz appealed from a judgment of the district court of McLean County affirming a decision of the North Dakota Workers Compensation Bureau (the Bureau) terminating Sandra's disability benefits. We affirm.

Sandra was injured on July 4, 1985, while working as a dishwasher and cook's helper at the Country Corner Cafe in Garrison. While carrying a tub of dishes she developed a sharp pain in her back. Sandra completed her workshift for the day and subsequently went to the Garrison Hospital where she received an injection for her back pain. Sandra began treatment, on July 11, 1985, with Dr. Pankratz, a chiropractor in Minot. Sandra was diagnosed as having suffered a cervical/thoracic subluxation and strain of the back and myofibrositis, which is an inflammation of the muscle fibers.

Sandra submitted a claim for benefits with the Bureau. The Bureau agreed to pay medical benefits associated with the back injury and disability benefits commencing July 9, 1985. At the Bureau's request, Sandra underwent an examination and evaluation by a Medcenter One assessment team in Bismarck during January 1986. Based upon that evaluation, the Bureau determined that Sandra was no longer unable to work as a result of her injury and it terminated her disability benefits as of February 28, 1986, but agreed to continue paying for injury-related medical expenses.

Sandra appealed the Bureau's July 27, 1988, order terminating her benefits to the district court, which affirmed the Bureau's order. Sandra has now appealed from the district court judgment.

The dispositive issue raised by Sandra on appeal is whether there is a preponderance of evidence to support the Bureau's determination that Sandra is no longer disabled and is not entitled to continued disability benefits. Under Section 28-32-19, N.D. C.C., an agency's findings of fact will be affirmed on appeal unless they are not supported by a preponderance of the evidence. In evaluating the Bureau's findings of fact, we do not make independent find-ings or substitute our judgment for that of the Bureau, but rather we determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence on the entire record. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D. 1979).

In concluding that Sandra was not entitled to continued disability benefits the Bureau made the following relevant findings of fact:

"The bureau finds that the claimant is now capable of any and all employment involving light to medium labor and not requiring repetitive lifting of 25 pounds or more.

\*      \*      \*      \*      \*      \*

"... Claimant has transferable skills that would enable her to be gainfully employed in a number of different positions, including, but not limited to: receptionist/assistant in a medical office; bartender or waitress; assistant manager or manager of a food and beverage operation; a sales clerk in a retail establishment such as a crafts store. All of these positions are within claimant's physical restrictions."

Sandra testified that she continues to experience considerable back pain. She testified that the pain precludes her from performing many normal household chores and that it precludes her from either standing or sitting for long periods. Sandra's husband, Lyle, also testified on Sandra's behalf that she has complained of experiencing considerable pain. He testified that before the back injury Sandra was "like my right hand.... She could do anything." He further testified that the pain from Sandra's back injury has precluded her from doing many things and that he now has to do all of the gardening, laundry, and house cleaning, because Sandra can no longer do it.

Although Sandra and Lyle testified that Sandra's back pain is disabling, the medical experts that evaluated Sandra at Medcenter One concluded that Sandra is exaggerating her pain and that she is capable of

performing employment related activities with certain lifting limitations. Dr. Leon Keller, the director of Physical Therapy at Medcenter One, testified that he had Sandra perform a weight lifting test to determine the amount of weight she could safely lift through a specific range of motion. He concluded that she could function at the level of lifting approximately 25 pounds of weight through full range of motion. In his written report, Dr. Keller concluded that Sandra could do this type of lifting on a repetitive basis. Dr. Keller also concluded that Sandra could "return to work immediately." Dr. K. Okamuro also evaluated Sandra. He concluded that Sandra had "diffuse pain complaints which seem out of proportion to the history given by the patient." Dr. H.D. Hase reported that the results of his evaluation suggested that Sandra was "exaggerating pain." He concluded that Sandra "seems to be markedly overstating her pain difficulties."

The record includes evidence that Sandra has had experience working at various jobs including retail sales, office receptionist/assistant, and waitressing in a food and beverage establishment. There is no medical evidence that Sandra is unable to perform these or similar employment activities.

For purposes of receiving workers compensation benefits, "disability" means inability to work as a result of a compensable injury. Section 65–01–02(8), N.D.C.C. It is not error for the Bureau to deny disability benefits to a person who is capable of performing employment-related activities and has the ability to return to gainful employment. *Froysland v. North Dakota Workers Compensation Bureau*, 432 N.W.2d 883 (N.D.1988); *Olson v. North Dakota Workers Compensation Bureau*, 419 N.W.2d 894 (N.D.1988). Having reviewed the record, we conclude that a reasoning mind could determine that Sandra is capable of performing employment activities and is not, therefore, entitled to disability benefits or rehabilitation benefits.

In accordance with this opinion the judgment of the district court upholding the Bureau's termination of Sandra's disability benefits is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.