Benjamin EHRMANTRAUT, Appellant,

v.

NORTH DAKOTA WORKERS COM-
PENSATION BUREAU, Appellee,

and

Bismarck Gymnastics Club, Respondent.

Civ. No. 910011.

Supreme Court of North Dakota.

May 7, 1991.

Dietz & Little, Bismarck, for appellant; argued by Kathryn L. Dietz.

Ken R. Sorenson (argued), Asst. Atty. Gen., Bismarck, for appellee.

ERICKSTAD, Chief Justice.

Benjamin Ehrmantraut appeals from the judgment of the District Court for the South Central Judicial District issued December 24, 1990, affirming the North Dakota Workers Compensation Bureau's order of September 14, 1990, affirming its order of May 14, 1990, denying disability and vocational rehabilitation benefits. We reverse and remand for an appropriate order.

Prior to his injury, Ehrmantraut was employed by the Bismarck Gymnastics Club. During the course of his employment, Ehrmantraut sustained a serious back injury while demonstrating a swivel hip maneuver on the trampoline. The Bureau "accepted liability and awarded benefits, including associated medical expenses and disability benefits."

Ehrmantraut was given a rehabilitation evaluation. Following the evaluation, it was concluded that Ehrmantraut would not be able to return to the same or a modified position with the Bismarck Gymnastics Club. The evaluation also revealed that Ehrmantraut holds a degree in secondary music education, that he is certified to teach in the area of music education, and that there are no medical limitations which would prevent him from functioning as a music teacher.

The vocational assessment which was completed on April 17, 1990, revealed that the appropriate rehabilitation option was to return to a related occupation in the field of secondary music education. Lori DeRemer, M.S., a vocational rehabilitation coordinator, noted that there were a significant

number of openings each year in secondary music education, but that such a position would not be available until August of 1990, the start of the next school year. Ehrmantraut secured a contract to teach beginning in August of 1990.

On May 14, 1990, the Bureau issued an order denying disability and vocational rehabilitation benefits but continuing medical benefits. Following a hearing, the order was affirmed. Ehrmantraut appealed to the District Court for the South Central Judicial District. On December 24, 1990, the district court issued an order and judgment affirming the Bureau's decision. This appeal followed.

■ Our review of the Bureau's decision is governed by Section 28–32–19, N.D.C.C. *E.g. Wendt v. North Dakota Workers Compensation Bureau*, 467 N.W.2d 720, 724 (N.D.1991); *Jones v. Workers Compensation Bureau*, 461 N.W.2d 273, 274 (N.D.1990). On appeal, the decision of the Bureau will be upheld unless the findings of fact are not supported by a preponderance of the evidence, the conclusions of law are not supported by the findings of fact, the final decision is not supported by the conclusions of law, or the decision is not in accordance with the law. *E.g. Perman v. North Dakota Workers Compensation Bureau*, 458 N.W.2d 484, 487 (N.D.1990).

Ehrmantraut asserts the Bureau's conclusion of law which held that the appropriate rehabilitation option for Ehrmantraut was to return to related work is not supported by the Bureau's findings of fact. The pertinent findings of fact and conclusion of law read:

### "FINDINGS OF FACT

\*     \*     \*     \*     \*     \*

#### "III.

"As a result of work injury, claimant has work restrictions including: claimant can lift up to ten pounds infrequently; restricted bending, pushing and pulling; and sitting, standing, and walking are limited to approximately two hours.

#### "IV.

"The weight of the evidence indicates that as a result of the work injury, claimant is unable to return to his former employment as a gymnastics teacher or preschool director.

\*     \*     \*     \*     \*     \*

#### "VI.

"Claimant has been released to return to work as a music teacher.

\*     \*     \*     \*     \*     \*

#### "X.

"Claimant's inability to find employment in the spring and summer months of 1990 was due to the school schedules and not due to the work injury.

#### "XI.

"The greater weight of the evidence indicates that claimant has transferable skills that enable him to return reasonable and substantial gainful employment. There are numerous positions for music teachers around the state of North Dakota and several positions in the Bismarck–Mandan area. Although few if any of these positions were actually vacant in May of 1990, claimant had the necessary skills and qualifications to compete for teaching positions as they became available in May of 1990 and thereafter.

### "CONCLUSIONS OF LAW

\*     \*     \*     \*     \*     \*

#### "II.

"The first appropriate rehabilitation option under N.D.C.C. § 65–05.1–01(4) is return to related work."[1]

---

**1.** This conclusion in light of the language of section 65–05.1–01, subsection 4, seems appropriate, but it does not seem right that during the interim between partial recovery and employment in the related field, the disability benefits should be terminated. Section 65–05.1–01(4), N.D.C.C., reads:

"4. The first appropriate option among the following, calculated to return the worker to substantial gainful employment, must be chosen for the worker:

Ehrmantraut argues the Bureau erred as a matter of law by denying him benefits on the basis that he has been rehabilitated because he could not return to substantial gainful employment until August of 1990. Specifically, Ehrmantraut asserts that the Bureau's decision violates Section 65–05.1–01, N.D.C.C., which reads:

"*65–05.1–01. Rehabilitation services.*
\*　　\*　　\*　　\*　　\*　　\*

3. It is the goal of vocational rehabilitation to return the disabled worker to substantial gainful employment with a minimum of retraining, as soon as possible after an injury occurs. 'Substantial gainful employment' means bona fide work, for remuneration, which is reasonably attainable in light of the individual's injury, medical limitations, age, education, previous occupation, experience, and transferable skills, and which offers an opportunity to restore the worker as soon as practical and as nearly as possible to the worker's average weekly earnings at the time of injury, or to the average weekly wage in this state on the date the rehabilitation consultant's report is issued under section 65–05.1–02.1, whichever is less."

We have previously approved of the Bureau's denial of disability status when the claimants were able to perform many employment-related activities. *Perman*, 458 N.W.2d at 488 (the claimant was employed as a clerical assistant before her injury and the Bureau subsequently determined that she was "medically released to perform gainful employment such as she held prior to her injury"); *Hintz v. North Dakota Workers Compensation Bureau*, 450 N.W.2d 727, 729 (N.D.1990) (prior to her injury the claimant was employed as a dishwasher and the record provided "no medical evidence that Sandra is unable to perform these or similar employment activities"); *Olson v. North Dakota Workers*

*Compensation Bureau*, 419 N.W.2d 894, 897 (N.D.1988) (claimant was employed in a floral shop and could return to such a position and perform all of her prior work activities except those which required exposure to irritating chemicals); *Jimison v. North Dakota Workmen's Compensation Bureau*, 331 N.W.2d 822, 827 (N.D.1983) (the claimant was injured while working as a motorman on an oil drilling rig and could continue to perform many employment-related activities such as repairing the machinery, bidding for prospective jobs, and supervising the excavating work).

In *Froysland v. North Dakota Workers Compensation Bureau*, 432 N.W.2d 883, 890 (N.D.1988), the claimant was employed as a water meter reader prior to her injury and the evidence showed she could physically perform many of the same activities.

In *Hintz*, we said:

"It is not error for the Bureau to deny disability benefits to a person who is capable of performing employment-related activities and has the ability to return to gainful employment. *Froysland v. North Dakota Workers Compensation Bureau*, 432 N.W.2d 883 (N.D.1988); *Olson v. North Dakota Workers Compensation Bureau*, 419 N.W.2d 894 (N.D. 1988)."

450 N.W.2d at 729.

■ We have also noted that disability is a blend of two elements: (1) the medical and physical inability to perform work, and (2) the inability to obtain gainful employment as a result of the compensable injury. *Perman*, 458 N.W.2d at 488 (citing 2 *Larson's Workmen's Compensation Law* § 57.00 *et seq.*).

■ Our decisions to affirm the Bureau's termination of benefits in *Perman*, *Hintz*, *Olson*, and *Jimison*, involved claimants who could perform many employment-related activities at the time the Bureau

a. Return to the same position.
b. Return to a modified position.
c. Return to a related occupation suited to the worker's education, experience, and marketable skills.
d. On-the-job training.

e. Short-term retraining of fifty-two weeks or less.
f. Long-term retraining of one hundred four weeks or less.
g. Self-employment."

terminated their benefits. While we adhere to our prior decisions, we believe this case is unlike those other decisions in that the Bureau has found that Ehrmantraut continues to be impaired by his injury; he will never be able to return to his prior employment; and, the appropriate rehabilitation option will not provide immediate gainful employment. We believe the Bureau's findings disclose that Ehrmantraut was not in a position to secure substantial gainful employment during the interim between May 7, 1990, the date of termination of his disability payments, and late August of 1990, the beginning of his teaching position, and that during this interim he was disabled to the extent that he could not return to his previous employment or like employment. Therefore, we conclude that the Bureau erred in its denial of disability and vocational rehabilitation benefits for the interim.

For the reasons stated in this opinion, we reverse and remand to the Bureau for an appropriate order consistent with this opinion.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

