Mark EMERY, Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,** Appellee,

**and**

**City of Williston, Respondent.**

**Civ. No. 910141.**

Supreme Court of North Dakota.

Nov. 12, 1991.

Moench Law Firm, Bismarck, for appellant, argued by Kenneth S. Rau, Bismarck.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

GIERKE, Justice.

Mark Emery appeals from a district court order affirming an order of the Workers Compensation Bureau (the Bureau) denying Emery's request for vocational rehabilitation training to become a draftsman. We affirm.

Emery injured his lower back on July 5, 1988 while working as a cemetery laborer for the City of Williston. Emery's claim for benefits was accepted by the Bureau, and the Bureau paid Emery's medical expenses associated with the injury and disability benefits.

The Bureau initiated a medical and vocational assessment to determine if Emery was entitled to receive vocational rehabilitation services under Chapter 65–05.1, N.D.C.C. Following a functional capacities evaluation, the Bureau concluded that Emery, as a result of his back injury, has some job limitations but is able to perform "medium work" which includes lifting 50 pounds maximum, frequent lifting or carrying of objects weighing up to 25 pounds, standing or walking for six to eight hours each day, and sitting between one to three hours each day. Emery does not dispute that he is capable of performing work with these restrictions. The sole issue raised by Emery on appeal is whether the Bureau erred in refusing to pay for Emery to take a two-year training course in drafting.

In the initial order denying Emery's request for retraining, the Bureau's executive director found that Emery's work history included the following jobs: "[c]emetery laborer, survey aide, survey crew as rodman, and wrangler and packer for big game outfitter." She also found that with his education, experience, skills, and medical limitations, Emery would be able to pursue employment opportunities of "[d]eliverer of merchandise, stock clerk, and counter attendant." Emery filed an administrative appeal from the executive director's order. Following a hearing, the Bureau entered a final order denying retraining. The hearing officer found that Emery had a work history as a laborer and surveyor's helper and that his medical restrictions did not prevent him from returning to the position of surveyor's helper with wages comparable to what he earned as a cemetery laborer.

Our review of an administrative agency's decision is governed by Section 28–32–19, N.D.C.C. In *Perman v. Workers Compensation Bureau,* 458 N.W.2d 484, 487 (N.D.1990), we set forth the scope of our review of an administrative agency's decisions:

"We exercise restraint in reviewing the findings of an administrative agency. *Triangle Oilfield Services, Inc. v. Hagen, supra,* 373 N.W.2d [413] at 415 [N.D.1985]. In reviewing the factual basis of administrative orders, there are three critical questions: (1) are the findings of fact supported by a preponderance of the evidence; (2) are the conclusions of law sustained by the findings of fact; and (3) is the agency decision supported by the conclusions of law? *American State Bank, Etc. v. State Banking Board,* 289 N.W.2d 222, 225–226 (N.D.1980). [W]e do not make independent findings of fact or substitute our judgment for that of the agency. *"Matter of Prettyman,* 410 N.W.2d [533] at 535–536 [N.D.1987]. We determine only whether the Bureau could have reasonably reached its factual determinations by the greater weight of all the evidence. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979). The scope of judicial review is thus limited."

Subsections 3 and 4 of Section 65–05.1–01, N.D.C.C., are relevant to our review of the Bureau's determination in this case:

"3. It is the goal of vocational rehabilitation to return the disabled employee to substantial gainful employment with a minimum of retraining, as soon as possible after an injury occurs. 'Substantial gainful employment' means bona fide work, for remuneration, which is reasonably attainable in light of the individual's injury, medical limitations, age, education, previous occupation, experience, and transferable skills, and which offers an opportunity to restore the employee as soon as practical and as nearly as possible to the employee's average weekly earnings at the time of injury, or to seventy-five percent of the average weekly wage in this state on the date the rehabilitation consultant's report is issued under section 65–05.1–02.1, whichever is less. The purpose of defining substantial gainful employment in terms of earnings is to determine the first appropriate priority option under subsection 4 of section 65–05.1–04 which meets this income test.

"4. The first appropriate option among the following, calculated to return the employee to substantial gainful employment, must be chosen for the employee:

"a. Return to the same position.

"b. Return to a modified position.

"c. Return to a related occupation in the local job pool which is suited to the employee's education, experience, and marketable skills.

"d. Return to a related occupation in the statewide job pool which is suited to the employee's education, experience, and marketable skills.

"e. On-the-job training.

"f. Short-term retraining of fifty-two weeks or less.

"g. Long-term retraining of one hundred four weeks or less.

"h. Self-employment."

The Bureau found that Emery is now capable of performing unskilled laborer jobs in the "medium work" category that would give him earnings of about $4.50 an hour, which is the amount that he was receiving at the time of his injury, and that such jobs are available. The Bureau then concluded that Emery was not entitled to receive retraining, because the first appropriate option under the statute was for Emery to return to a related occupation in the local or statewide job pool.

Emery does not dispute that he is capable of performing work as a surveyor's aide nor does he disagree that such jobs are available. However, he argues that working as a surveyor's aide would not constitute substantial gainful employment because those jobs are sporadic and temporary rather than permanent jobs. At the time of his injury, Emery was employed full-time as a cemetery laborer in a seasonal temporary capacity. The record is unclear whether Emery would have been allowed to retain the position on a full-time permanent basis if he had not been injured. Nevertheless, Emery's entire work history shows that his employment has been as a general laborer in positions that could be labeled sporadic, seasonal, or temporary. Under these facts, we do not believe that it is incumbent upon the Bureau to specify every general laborer job that Emery is capable of performing and that is or may become available to him. It is sufficient for the Bureau to have determined that Emery is capable of performing employment related activities and to have identified that there are available positions which would allow Emery to maintain his pre-injury earnings. See Hintz v. North Dakota Workers Compensation Bureau, 450 N.W.2d 727 (N.D.1990); Claim of Olson, 419 N.W.2d 894 (N.D.1988).

From our review of the record, we conclude that the Bureau reasonably reached its factual determinations in this case by the greater weight of the evidence. The Bureau's findings of fact are supported by a preponderance of the evidence, its conclusions of law are sustained by the findings of fact, and its decision is supported by the conclusions of law. Accordingly we affirm the district court order upholding the Bu-

reau's determination that Emery is not entitled to vocational retraining.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.