1997 ND 105

**Paulette McARTHUR, Claimant and Appellant**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

**and**

**American Linen Supply Company, Respondent and Appellee.**

**Civil No. 960273.**

Supreme Court of North Dakota.

June 3, 1997.

Rehearing Denied June 24, 1997.

Dean J. Haas, of Dietz, Little & Haas, Gateway Office Building, Bismarck, for claimant and appellant.

Brent J. Edison, Special Assistant Attorney General, Bismarck, for appellee.

Steven L. Latham, of Wheeler Wolf, Bismarck, for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Paulette McArthur appealed from a judgment [1] affirming a Workers Compensation Bureau order dismissing her claim for benefits. We conclude the Bureau's order was not appealable, and we dismiss the appeal.

I

[¶ 2] In April 1995, McArthur, an employee of American Linen Supply Company, submitted a claim for benefits to the Bureau. McArthur alleged she injured her lungs at work on April 13, 1995, when "fumes came out of the dryer when it opened."

---

1. Although McArthur's notice of appeal says she "appeals from the Notice of Entry of Judgment dated July 25, 1996," we will treat the appeal as an appeal from the July 18, 1996, judgment. *First American Bank West v. Berdahl,* 556 N.W.2d 63, 63 n. 1 (N.D.1996).

[¶ 3] McArthur had previously been treated for a lung condition. In a March 24, 1995, letter to an insurance company, Dr. Zachary Q. Morris said, "Mrs. McArthur has one of the most advanced stages of sarcoidosis that I have seen in over ten years of practicing pulmonary medicine." In an April 25, 1995, report, Dr. Morris said McArthur's sarcoidosis "did not prevent her from working. Unfortunately, she has concomitant bronchospastic airways disease exacerbated by work exposure, causing marked limitations." In an August 16, 1995, letter to the Bureau, Dr. Morris said "sarcoidosis is a granulomatous disease of unknown etiology." He also stated McArthur's asthma (bronchospastic airways disease) "is exacerbated by any exposure to fumes, dust, or temperature changes ... [and] she is not able to work in her former job in the laundry facility."

[¶ 4] In an October 26, 1995, letter to McArthur's attorney, Dr. Morris said:

"I will attempt to answer your specific questions, though the answers cannot be as clear cut as you desire. Ms. McArthur's employment does not worsen her sarcoidosis, but rather it acts as a trigger mechanism for her asthma. . . .

"In Ms. McArthur's particular case, the asthma could be triggered by either the sarcoidosis, or it may have eventually been triggered by the work environment. Most likely, the initial adverse event was probably the development of sarcoidosis. . . .

"Now that she has asthma, exposure to her particular work environment causes marked worsening or triggering of her symptoms. So to answer your last two questions, yes, exposure to the work worsened her disability, and continued exposure to the work environment would worsen her permanent partial disability."

[¶ 5] In a November 17, 1995, letter to McArthur's attorney, Dr. Morris said:

"To further clarify the questions you presented on your letter dated November 7, 1995, the answers are as follows. Mrs. McArthur's employment does cause a worsening of symptoms of asthma at the time of exposure. These symptoms can abate when the exposure ends, but there is also a high probability that repeated exposures could cause the asthma condition to worsen thereby accelerating the condition of asthma (but not the sarcoidosis). And yes, the asthma condition would become more severe than it would otherwise be."

The Bureau found, among other things:

"IX.

"The greater weight of the evidence does not indicate claimant sustained an injury by accident arising out of and in the course of employment.

"X.

"The greater weight of the evidence does not indicate claimant's condition is causally or fairly traceable to her employment."

The Bureau concluded McArthur did not prove she was entitled to benefits and dismissed her claim.

[¶ 6] McArthur appealed to the district court, contending the Bureau erred in finding McArthur's asthma was not compensable under N.D.C.C. § 65–01–02(9)(b)(6), which provides:

"9. 'Compensable injury' means an injury by accident arising out of and in the course of employment which must be established by medical evidence supported by objective medical findings.

"a. The term 'compensable injury', in addition to an injury by accident, includes:

"(1) Any disease that can be fairly traceable to the employment. . . .

"b. The term does not include:

\*    \*    \*    \*    \*    \*

"(6) Injuries attributable to a preexisting injury, disease, or condition which clearly manifested itself prior to the compensable injury. This does not prevent compensation where employment substantially aggravates and acts upon an underlying condition, substantially worsening its severity, or where employment substantially accelerates the progression of an underlying condition. It is insufficient, how-

ever, to afford compensation under this title solely because the employment acted as a trigger to produce symptoms in a latent and underlying condition if the underlying condition would likely have progressed similarly in the absence of the employment trigger, unless the employment trigger is determined to be a substantial aggravating or accelerating factor. An underlying condition is a preexisting injury, disease, or infirmity."

The district court affirmed the Bureau's dismissal order, and McArthur appealed from the judgment entered.

[¶ 7] McArthur's appeal to this Court was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. Art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–21.

## II

[¶ 8] The Bureau's dismissal was an informal decision based upon the claim form, medical records, and letters. McArthur appealed the Bureau's informal decision, and no formal evidentiary hearing was held. N.D.C.C. § 65–01–14 provides, in part:

> "65–01–14. *Informal decision by bureau.* Notwithstanding sections 28–32–05, 28–32–08, and 28–32–13, the following procedures must be followed when a claim for

2. *Compare Steele v. North Dakota Workmen's Comp. Bureau,* 273 N.W.2d 692, 701 (N.D.1978) ("whenever the Bureau has made an initial determination disallowing a claim based on a record made at an informal hearing, the claimant, upon request, is entitled to an evidentiary hearing, whether designated as a formal hearing or rehearing, if there is a dispute on material facts").

Legislative history on N.D.C.C. § 65–01–14 is sparse. When enacted (1991 N.D. Laws, Ch. 714, § 26), the provision was not specifically discussed, perhaps because it was but a small part of a large bill (Senate Bill 2206) dealing with restructuring the Bureau and consolidating it with Job Service North Dakota.

Subsection 4 and 7 of N.D.C.C. § 65–01–14 were amended in 1993 (1993 N.D. Laws, Ch. 618, § 1) by House Bill 1165. Subsection 4 was amended to require the Bureau to notify "the parties" (rather than "them") of its informal decision. Subsection 7 was amended by adding, "The bureau shall issue an informal decision on an initial determination of disability benefits."

benefits or reapplication for benefits is made under this title:

\* \* \* \* \* \*

"4. The bureau shall make its informal decision on the claim after filing of the claim and the physician's certificate.... If a timely request for reconsideration is not filed, the decision of the bureau is final, subject only to reopening of the claim under section 65–05–04. The provisions of section 65–10–01, relating to appeals from decision of the bureau, apply only when the bureau issues an order following a timely request for reconsideration." [2]

[¶ 9] "Appeals from Bureau decisions 'are statutory in nature and are not matters of original jurisdiction for the district courts but rather involve exercise of appellate jurisdiction of the district courts conferred by statute.'" *Transystems Servs. v. North Dakota Workers Comp. Bureau,* 550 N.W.2d 66, 67 (N.D.1996) (quoting *Boyko v. North Dakota Workmen's Comp. Bureau,* 409 N.W.2d 638, 641 (N.D.1987)). The right to appeal is a jurisdictional matter we consider sua sponte. *E.g., In re J.K.M.,* 557 N.W.2d 229, 230 (N.D.1996), *Siewert v. North Dakota Workers Comp. Bureau,* 554 N.W.2d 465, 466 n. 1 (N.D.1996).

At a March 10, 1993, hearing before the Senate Industry, Business and Labor Committee, Senator Schoenwald, who was assigned to carry the bill, said among other things:

"They can either accept the claim ..., issue an administrative order denying the claim (which is appealable), or they can do an informal decision—there is no recourse to it until you get a final decision out of them....

"This is on a PPI award or a vocational award. What it allows them to do is issue an informal decision denying the claim and then it is unappealable."

Pat Mayer, testifying for the Bureau, said the process of deciding disability claims "is streamlined by issuing an informal decision from which the claimant or employer may request reconsideration." The Bureau's summary of House Bill 1165 said, in part:

"The claimant and employer retain the right to request reconsideration of the informal decision, with a final decision then being issued in an administrative order from which they may request binding arbitration or administrative rehearing."

[¶ 10] N.D.C.C. § 65–10–01, which authorizes an appeal of the Bureau's final action denying a claimant's right to participate in the fund, does not apply to an informal decision, but applies only to "an order following a timely request for reconsideration." N.D.C.C. § 65–01–14(4). The specific provision in N.D.C.C. § 65–01–14(4) making a request for reconsideration necessary before an appeal may be taken in workers compensation cases prevails over the general provision in N.D.C.C. § 28–32–14, which states filing a petition for reconsideration is not a prerequisite for seeking judicial review of a final order of an administrative agency. The general statute on appeals from administrative agency decisions, N.D.C.C. § 28–32–15, does not authorize McArthur's appeal from the Bureau's informal decision. N.D.C.C. § 28–32–15(1) authorizes a party to appeal an administrative agency order, "except in cases where the order of the administrative agency is declared final by any other statute." That exception is met by N.D.C.C. § 65–01–14(4), which provides, absent a request for reconsideration, an informal decision of the Bureau "is final, subject only to reopening of the claim under section 65–05–04." Because McArthur did not file a request for reconsideration, the informal decision became final, subject only to reopening under N.D.C.C. § 65–05–04. We conclude the Bureau's informal decision was not appealable.

[¶ 11] McArthur's appeal from the Bureau's informal decision short-circuited the evidentiary process. "[T]he lack of a full evidentiary hearing [left] this record rather sparse," and McArthur's "premature appeal confined decisionmaking to an incomplete record and, similarly, has restricted our appellate review." *Claim of Olson,* 419 N.W.2d 894, 896 (N.D.1988). As a result of the truncated evidentiary process, Dr. Morris never presented an opinion as to whether or not McArthur's employment substantially worsened the severity of her underlying asthma condition or substantially accelerated its progression, as contemplated by N.D.C.C. § 65–01–02(9)(b)(6). For lack of an adequate record, the Bureau and the reviewing courts must speculate about the meaning of Dr. Morris's ambiguous statements about the relationship between McArthur's asthma and her employment. This confirms the wisdom of N.D.C.C. § 65–01–14(4) requiring reconsideration of an informal decision and issuance of a final order before the decision of the Bureau is appealable.

### III

[¶ 12] Because the order appealed from was not appealable, the appeal is dismissed. Because the appeal in this case reflected the claimant was dissatisfied with the informal determination and was formally seeking further review, we direct the Bureau to treat the notice of appeal as a request for reconsideration in this case.

[¶ 13] VANDE WALLE, C.J., and NEUMANN and MARING, JJ., concur. MESCHKE, J., concurs in the result.

