1997 ND 178

Sharon LENDE, Claimant and Appellant,

v.

NORTH DAKOTA WORKERS' COMPENSATION BUREAU, Appellee,

and

Good Samaritan Center, Respondent.

Civil No. 960149.

Supreme Court of North Dakota.

Sept. 10, 1997.

. Mark G. Schneider (argued), of Schneider, Schneider & Schneider, Fargo, for claimant and appellant.

Jacqueline S. Anderson (argued), Special Assistant Attorney General, of Nilles, Hansen & Davies, Fargo, for appellee.

MARING, Justice.

[¶ 1] Sharon Lende appeals from the district court's judgment of May 2, 1996, dismissing her appeal from the Workers' Compensation Bureau's Order dated May 2, 1995. We reverse the dismissal, and remand to the district court for a hearing on the merits of Lende's appeal.

[¶ 2] Sharon Lende suffered a work-related injury to her low back on October 2, 1988, while employed as a nurse's aide at the Evangelical Lutheran Good Samaritan Society. The Workers' Compensation Bureau (the Bureau) accepted liability and paid Lende the appropriate benefits. Lende's treatment included pain medication and physical therapy, and Lende was eventually released to work in a modified position with her former employer. As time passed, Lende's pain became significantly greater, and it was eventually determined that Lende was permanently partially disabled and unable to return to work at any level. On September 28, 1994, Lende's physician, Dr. Richard Lenzmeier, wrote to the Bureau stating, "As the AMA Guides states (sic) and you quote, it is difficult to arrive at a precise percentage, but I can say with reasonable confidence, that she is about 60% impaired because of the pain that she chronically suffers from and is unlikely to change in the future." Accompanying this letter was a letter from Lende's attorney requesting the Bureau issue the appropriate permanent partial impairment award (PPI) based on Lenzmeier's evaluation.

[¶ 3] The Bureau and Lende continued to work together to resolve other issues, but as of March 16, 1995, the Bureau still had not issued the requested PPI order and Lende's attorney wrote to the Bureau reminding it Lende was still awaiting action on the PPI issue. On March 30, 1995, Lende's attorney again wrote to the Bureau requesting the Bureau issue the PPI order. The Bureau took no further action.

[¶ 4] On April 28, 1995, Lende's attorney applied to the district court for a Writ of Mandamus directing the Bureau to issue the PPI order. On May 2, 1995, after the Bureau was served with notice of this action, but before the hearing date, the Bureau issued an order denying Lende permanent partial impairment benefits based on chronic pain.

[¶ 5] The next day, May 3, 1995, Lende's attorney petitioned for reconsideration by letter stating, "Please take this letter as a petition for reconsideration (formal hearing requested) within the meaning of § 28–32–14, N.D.C.C." [1]

[¶ 6] In a May 9, 1995, letter to Lende's counsel, the Assistant Attorney General wrote, "[s]ince the Bureau disputes the calculation provided by Dr. Lenzmeier, it appears this case is appropriate for evaluation under N.D.C.C. Section 65–05–12.1, and I will refer the file to Cindy Gabel to initiate the process. I will appreciate any suggestions you have for a doctor qualified to evaluate impairment for chronic pain syndrome." The Bureau and Lende were unable to agree on a suitable physician to perform the evaluation. In a letter to Lende's counsel dated August 31, 1995, the Bureau asked, "[h]ow do you suggest we resolve the PPI dispute in this case?" Lende's counsel responded by letter on September 1, 1995, stating, "I suggest that you accept the opinion of the treating physician on this matter and issue the award accordingly."

[¶ 7] Lende's attorney wrote to the Bureau on September 25, 1995, inquiring as to whether the Bureau would issue the order granting Lende's PPI based on a 60% impairment as recommended by her treating physician. At some point between the Bureau's August 31 letter and October 30, 1995, the Bureau transferred Lende's case to outside counsel. On October 30, 1995, the Bureau's outside counsel wrote to Lende's counsel advising that his law firm would handle any further matters concerning the PPI is-

---

1. This case differs from *McArthur v. North Dakota Workers Compensation Bureau and American Linen Supply,* 1997 ND 105, 564 N.W.2d 655, recently decided by this Court. In *McArthur,* the claimant appealed an "informal decision" issued by the Bureau without first petitioning for recon- sideration. N.D.C.C. § 65–01–14 governs the procedure after the filing of an "informal decision." We determined because *McArthur* failed to request a reconsideration, she failed to exhaust her administrative remedies and the "informal decision" was not appealable.

sue. The Bureau's counsel wrote, "It appears that you have made a request for formal hearing in response to the Bureau's Order Denying Permanent Partial Impairment for Chronic Pain dated May 2, 1995. I will take the necessary steps to have the matter set for hearing."

[¶ 8] On November 13, 1995, Lende's counsel wrote to the Bureau's counsel requesting the Bureau set a hearing date on Lende's PPI denial. On December 4, 1995, Lende's counsel wrote a second time to the Bureau's outside counsel requesting a formal hearing date be set. On December 26, 1995, Lende's counsel wrote directly to the Bureau's in-house counsel requesting the Bureau set a hearing date. Lende's counsel wrote, "I will have no choice but to proceed on a petition for a writ of mandamus on this matter if the Bureau does not request an ALJ to be appointed in the immediate future."

[¶ 9] Still hearing nothing from the Bureau's outside counsel, the Bureau, or the Bureau's in-house counsel, Lende filed an appeal in Burleigh County District Court on January 11, 1996. The Bureau subsequently filed a motion to dismiss, claiming Lende had not yet exhausted her administrative remedies, and thus, the issue was not yet ripe for appeal. A telephonic hearing was held on April 29, 1996, and the trial court dismissed Lende's appeal for lack of jurisdiction. Lende timely appeals the May 2, 1996, judgment of dismissal to this Court.

[¶ 10] The issue before this Court is whether the district court has jurisdiction to hear an appeal from the May 2, 1995, order of the Bureau. An appeal from an administrative agency to a district court invokes that court's appellate jurisdiction, not its original jurisdiction. *See, e.g., Transystems Services v. North Dakota Workers Compensation Bureau*, 550 N.W.2d 66 (N.D.1996). A district court's appellate jurisdiction over administrative agency orders is granted by statute. *See* N.D.C.C. § 28–32–15(3)(a). "The right to appeal is a jurisdictional matter which we may consider sua sponte." *In re J.K.M.*, 557 N.W.2d 229, 230 (N.D.1996)(quoting *Johnson v. King*, 325 N.W.2d 254, 256 (N.D.1982)).

[¶ 11] In order to answer the question presented, this Court must construe N.D.C.C. §§ 28–32–14(4) and 28–32–15(1) and determine their relationship and applicability to the finality and appealability of orders issued under the Workers' Compensation statutes. *See* N.D.C.C. ch. 65–05 and ch. 65–10; N.D.C.C. § 65–01–14. Questions of statutory construction are questions of law and fully reviewable by this Court. *Bland v. Commission on Medical Competency*, 557 N.W.2d 379, 382–83 (N.D.1996).

[¶ 12] "The primary objective of statutory construction is to ascertain the intent of the legislature. The legislative intent in enacting a statute must first be sought from the language of the statute itself." *Effertz v. N.D. Workers' Compensation Bureau*, 481 N.W.2d 218, 220 (N.D. 1992) (citations omitted). Generally, we construe statutory language "so that an ordinary person reading it would get from it the usual, accepted meaning." *Lucier v. N.D. Workers Compensation Bureau*, 556 N.W.2d 56, 60 (N.D.1996)(quoting *Wills v. Schroeder Aviation, Inc.*, 390 N.W.2d 544, 546 (N.D.1986)). We will normally defer to a reasonable interpretation of a statute by the agency enforcing it, especially when that interpretation does not contradict clear and unambiguous statutory language. *Koch Oil Co. v. Hanson*, 536 N.W.2d 702, 706 (N.D.1995)(citing *Schaefer v. Job Service North Dakota*, 463 N.W.2d 665 (N.D.1990)).

[¶ 13] As stated, N.D.C.C. § 28–32–14 and N.D.C.C. § 28–32–15, as well as N.D.C.C. § 65–10–01 are applicable to the resolution of this case. This Court held in *Westman v. North Dakota Workers Compensation Bureau*, 459 N.W.2d 540 (N.D.1990) that N.D.C.C. § 65–10–01 is not the exclusive source of a claimant's right to appeal, and sections 65–10–01 and 28–32–15 must be read together. The Workers' Compensation Bureau is an administrative agency and the Administrative Agencies Practice Act chapter 28–32 of the N.D.C.C. is applicable to appeals of decisions of the Workers' Compensation Bureau. *Foss v. North Dakota Workmen's Compensation Bureau*, 214 N.W.2d 519, 521 (N.D.1974); *Manikowske v. North*

*Dakota Workmen's Compensation Bureau,* 373 N.W.2d 884, 886–87 n. 2 (N.D.1985).

[¶ 14] The order issued by the Bureau on May 2, 1995, was a formal decision. The record indicates a "notice" of rights accompanied the order when it was served on Lende and indicated Lende could petition for reconsideration pursuant to section 28–32–14 of the North Dakota Century Code or could elect to appeal to the proper district court pursuant to sections 28–32–15 and 65–10–01 of the North Dakota Century Code.

[¶ 15] On May 3, 1995, Lende timely filed a petition for reconsideration and requested a formal hearing under N.D.C.C. § 28–32–14.

[¶ 16] The relevant language of N.D.C.C. § 28–32–14 is:

. . .

4. The administrative agency may deny the petition for reconsideration or may grant the petition on such terms as it may prescribe. If a rehearing is granted, the agency may allow a new hearing or limit the hearing as appropriate. The agency may dissolve or amend the final order and set the matter for further hearing. *The petition is deemed to have been denied if the agency does not dispose of it within thirty days after the filing of the petition. . . .*

(Emphasis ours.) Similar language is found in N.D.C.C. § 28–32–15(1):

1. . . . *If an agency does not dispose of a petition for reconsideration within thirty days after the filing of the petition, the agency is deemed to have made a final determination upon which an appeal may be taken.*

(Emphasis ours.)

[¶ 17] Lende argues because the Bureau did not "dispose of" her petition for rehearing within thirty days after it was filed, her petition was in effect denied under N.D.C.C. § 28–32–14(4) and the May 2, 1995, order became a final, appealable order of the Bureau.

[¶ 18] The Bureau argues a final, appealable order has not been issued. The Bureau contends because Lende's petition for reconsideration is still pending before the Bureau

she has not exhausted her administrative remedies. The Bureau further argues to "dispose of" a petition for reconsideration with request for a hearing, the Bureau must only grant "a right to a further hearing within 30 days." The Bureau argues alternatively that if the Bureau's order became final because it failed to "dispose of" Lende's petition under N.D.C.C. § 28–32–14(4) within thirty days, Lende's appeal is time barred because she waited more than thirty days to appeal the Bureau's order to the district court.

[¶ 19] One of the basic rules of statutory construction is that words are to be understood in their ordinary sense. N.D.C.C. § 1–02–02. The phrase to "dispose of" as used in its ordinary sense means "to get rid of" and "to make final arrangements about." *Webster's Encyclopedic Dictionary,* Deluxe Edition (1989); *Black's Law Dictionary,* Sixth Edition (1990).

[¶ 20] The Administrative Agencies Practice Act provides that within thirty days after the filing of the petition the agency must "dispose of" the petition or it will be deemed to have been denied and a "final determination" will be deemed to have been made. N.D.C.C. § 28–32–14(3) clearly provides a claimant may petition for a reconsideration based on documentary evidence or based on a further formal evidentiary hearing. *See* Administrative Agencies Practice Act Provisions (Chapter 28–32) House Bill 1194; Hearings Before Committee on Judiciary Written Testimony of Allen C. Hoberg, Assistant Attorney General, Director Hearings Officer Division, 52nd Legis., January 4, 1991. The question is what action, if any, is the Bureau required to take in the thirty days following the filing of the petition. If the petition does not request a formal hearing, the Bureau must file and give notice of an order upon reconsideration reversing, affirming, or amending its prior formal order within that thirty days. N.D.C.C. § 28–32–14(4). If the petition for reconsideration requests a formal hearing, the statutory requirement that the Bureau "dispose of" the petition means in its ordinary sense, at a minimum, the Bureau must take some affirmative action toward the arrangement of the

formal hearing within thirty days of the filing of the petition. "If the language of a statute is clear and unambiguous, the legislative intent is presumed clear from the face of the statute." *Medcenter One, Inc. v. N.D. State Board of Pharmacy,* 1997 ND 54, ¶ 13, 561 N.W.2d 634. One of the maxims of jurisprudence states the law neither does nor requires an idle act. N.D.C.C. § 31–11–05(23). Statutes are to be construed in a way which does not render them worthless or useless rhetoric. *State v. Nordquist,* 309 N.W.2d 109, 115 (N.D.1981).

[¶ 21] The Bureau argues to "dispose of" means the Bureau must only grant "a right to a further hearing within 30 days" of the filing of the petition. We have, however, previously held due process requires the Bureau to provide a formal evidentiary hearing upon timely demand following denial of a claim if a dispute of material fact exists. *Manikowske v. North Dakota Workmen's Compensation Bureau,* 373 N.W.2d 884, 886–87 n. 2 (N.D.1985); *Steele v. North Dakota Workmen's Compensation Bureau,* 273 N.W.2d 692 (N.D.1978). Thus, the Bureau's proposed construction of to "dispose of" is not persuasive.

[¶ 22] We recognize a balance must be struck between the need for timely decisions and the need to ensure sound and consistent decisions in the face of heavy caseloads and limited agency resources. We are not concluding that the Bureau is required to schedule and hold a hearing within thirty days of the filing of the petition, only that the plain meaning of "dispose of" requires some affirmative action on the part of the Bureau in furtherance of arranging and providing the formal hearing to which the claimant has a right. Here, however, it is undisputed the Bureau took *no* action within thirty days of the filing of the petition for reconsideration with regard to the claimant's request for a formal hearing. The Bureau has failed to point out any evidence in the record of any action taken within the thirty day deadline. There was not even an acknowledgment of Lende's request for a formal hearing until the October 30, 1995, letter from the Bureau's outside counsel to Lende's counsel stating he will "take the necessary steps to

have the matter set for hearing." The next action the Bureau took was to serve a notice to take deposition dated January 11, 1996, the very day Lende served her notice of appeal to the district court. We conclude the Bureau's order of May 2, 1995, became a final, appealable order thirty days after the petition was filed under N.D.C.C. §§ 28–32–14(4) and 28–32–15(1).

[¶ 23] The Bureau cursorily argues Lende failed to exhaust her administrative remedies and therefore, the district court has no jurisdiction to hear her appeal. The Bureau contends Lende must proceed with her petition for reconsideration. The exhaustion of remedies doctrine serves the dual purpose of preserving agency authority and promoting judicial efficiency. *Medcenter One, Inc. v. North Dakota State Board of Pharmacy,* 1997 ND 54, ¶ 11, 561 N.W.2d 634. Notwithstanding, the doctrine has several well-recognized exceptions. *See generally* 5 Stein, Mitchell, Mezines, *Administrative Law* § 49.02 (1997). In *Shark Brothers, Inc. v. Cass County,* 256 N.W.2d 701, 705 (N.D. 1977), we explained that whether "exhaustion of remedies" may be applied in each case depends on a mixed bundle of considerations, "including, but not limited to, expertise of administrative bodies, statutory interpretation, pure questions of law, constitutional issues, discretionary authority of the courts, primary, concurrent, or exclusive jurisdiction, inadequacies of administrative bodies, etc." *See also Medcenter One, Inc.,* 1997 ND 54, ¶ 12, 561 N.W.2d 634.

[¶ 24] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, does not require a party exhaust his administrative remedies by filing a petition for reconsideration as a prerequisite for an appeal to district court. N.D.C.C. § 28–32–14(1). No applicable statute requires Lende to proceed with her petition for reconsideration once she has filed her petition and the Bureau has failed to dispose of it in thirty days. In fact, the Administrative Agencies Practice Act provides she may appeal. N.D.C.C. §§ 28–32–14(4); 28–32–15(1). We conclude exhaustion of remedies is not required because the Administrative Agencies Practice Act ch. 28–32, N.D.C.C., does not require it in this case.

[¶ 25] It is understandable that Lende does not want to wait any longer for the Bureau to act. Lende's treating physician prepared a medical report dated September 28, 1994, which found her 60% impaired due to chronic pain and which was filed with the Bureau. The Bureau failed to act despite repeated requests to do so and Lende was forced to apply for a Writ of Mandamus. The Bureau then issued the order dated May 2, 1995, denying permanent partial impairment for chronic pain. It took approximately seven months for the Bureau to formally deny Lende these benefits. Lende petitioned for reconsideration on May 3, 1995, one day after the Bureau's order. Again despite repeated requests by Lende that the formal hearing be scheduled, it still had not been scheduled eight months later when she filed her notice of appeal on January 11, 1996. We have recognized that "[s]uch administrative sluggishness, and the attitude it suggests," may well prompt appeals directly to district court and discourage requests for formal hearings. *In re Claim of Olson,* 419 N.W.2d 894, 896 (N.D.1988). We are very aware of how sparse a record can be without a formal evidentiary hearing, but nothing in the statutes requires one as a prerequisite to appeal under the facts of Lende's case.

[¶ 26] There is no evidence or claim Lende failed to cooperate in the administrative process or frustrated it in any way. Lende attempted to exhaust her right to a formal hearing by timely filing her petition for reconsideration and persistently requesting an order granting her benefits or a hearing date. The Bureau never offered a reason for its unreasonable delay. It makes little sense at this stage to require Lende to go through a hearing she no longer wants, especially because the right to a formal evidentiary hearing at this stage of her proceedings belongs to her.

[¶ 27] We thus note our criticism of the Bureau where the remedy has lead to such unreasonable delay, and the record before us fails to disclose any good and valid reason for such delay. *See* 5 Stein, Mitchell, Mezines, *Administrative Law,* § 49.02[1] (1997) ("Unreasonable delay in deciding an issue has been held to render an agency's remedy in-

adequate. This view is supported by the Administrative Procedure Act, which provides that agency action must occur within a reasonable time in order to spare the parties any inconvenience.") *See also Munoz v. Aldridge,* 894 F.2d 1489, 1493–94 (5th Cir.1990).

[¶ 28] The Bureau next argues Lende's appeal to the district court was not timely, thus depriving the district court of jurisdiction. The Bureau argues Lende had thirty days from the date the order was deemed final by statute, to file her appeal and she did not file it until January 11, 1996. The manner of appeal in this case is governed by N.D.C.C. § 28–32–15 and N.D.C.C. § 65–10–01. The relevant language of N.D.C.C. § 28–32–15 states:

1. Any party to any proceeding heard by an administrative agency, except in cases where the order of the administrative agency is declared final by any other statute, may appeal from the order within thirty days after notice of the order has been given as required by section 28–32–13. If a reconsideration has been requested as provided in section 28–32–14, the party may appeal within thirty days after notice of the final determination upon reconsideration has been given as required by sections 28–32–13 and 28–32–14. If an agency does not dispose of a petition for reconsideration within thirty days after the filing of the petition, the agency is deemed to have made a final determination upon which an appeal may be taken.

It has long been the rule of this Court, that in order to invoke our appellate jurisdiction, a timely notice of appeal must be filed. *Lang v. Bank of North Dakota,* 377 N.W.2d 575, 579 (N.D.1985). "The right of appeal in this State is statutory and is a jurisdictional matter which we may consider sua sponte." *Midwest Federal Savings Bank v. Symington,* 393 N.W.2d 753, 754 (N.D.1986). We have stated "[i]f a timely notice of appeal is not filed, a lower court's decision is a final determination which may be modified only in rare circumstances and for compelling policy reasons." *Lang v. Bank of North Dakota,* 377 N.W.2d at 579. The rationale given for this rule is:

Our rules of procedure, statutes, and other established legal doctrines are all geared toward the final resolution of legal controversies. If the time for appeal may be extended indefinitely the rights of intervening innocent parties also may be jeopardized. At some point, the public and third parties must be able to rely on the finality of a decision.

*Id.* The public interest demands there be an end to litigation of legal controversies so that parties may go about their normal business. *Id.*

[¶ 29] On the other hand, we have recognized there may be limited circumstances in which extensions of the time to appeal may be appropriate. *See* Rule 60, N.D.R.Civ.P.; Rule 4, N.D.R.App.P.

[¶ 30] The Administrative Agencies Practice Act, N.D.C.C. § 28–32–15(1), specifically governs the manner of taking appeals to the district court. N.D.C.C. § 65–10–01. Subdivision (1) sets forth the procedure in three specific situations. N.D.C.C. § 28–32–15(1). First, where a final order is issued an appeal can be taken within "thirty days after *notice of the order* has been given as required by section 28–32–13." (Emphasis ours.) Second, if a reconsideration has been requested, an appeal can be taken "within thirty days after *notice of the final determination upon reconsideration* has been given as required by sections 28–32–13 and 28–32–14." (Emphasis ours.) Section 28–32–13 requires service of a copy of the order on the claimant either personally or by certified mail. Third, section 28–32–15(1) states "[i]f an agency does not dispose of a petition for reconsideration within thirty days after the filing of the petition," the order becomes a final order from which an appeal can be taken. For this situation, the statute does not, however, indicate when the thirty days for appeal begin to run. In both of the other situations, "notice of the order" or "notice of the final determination upon reconsideration" must be served upon the party for the appeal period to begin. We have held the Rules of Civil Procedure govern procedures on appeal to district court from a decision of an administrative agency, provided the Rules are not inconsistent with the statutory procedures. *Reliance*

*Insurance Company v. Public Service Commission,* 250 N.W.2d 918 (N.D.1977); *Schroeder v. Burleigh County Bd. of Com'rs,* 252 N.W.2d 893 (N.D.1977); *McCarter v. Pomeroy,* 466 N.W.2d 562 (N.D.1991). Because the applicable statute fails to set out when the thirty day appeal period begins to run, we must look to the Rules of Civil Procedure.

[¶ 31] *Rule 77(d),* North Dakota Rules of Civil Procedure, states that the prevailing party shall serve a notice of entry of judgment upon the adverse party. The Explanatory Note to Rule 77, *N.D.R.Civ.P.* states the time for appeal does not start until the notice of entry of judgment is served.

[¶ 32] We conclude the thirty day appeal period never began to run in Lende's case, because the Bureau never served her with a "notice" of final determination upon reconsideration after the order became final under N.D.C.C. §§ 28–32–15(1) and 28–32–14(4). This construction harmonizes the requirements of notice of section 28–32–15(1) of the Act and of the Rules of Civil Procedure. To otherwise construe the statute, would be to allow the Bureau to let petitions for reconsideration drop into a "black hole" from which such claims would never emerge. This would be contrary to the purpose of the Workers' Compensation Act which is remedial. *Kallhoff v. North Dakota Workers' Compensation Bureau,* 484 N.W.2d 510, 513 (N.D.1992).

[¶ 33] Finally, the Bureau argues if Lende's appeal is timely, the matter should be remanded to it to consider the deposition of Dr. Howard J. Entin under N.D.C.C. section 28–32–18. An application for leave to offer additional evidence is to be made "to the court in which an appeal from a determination of an administrative agency is pending...." *Id.* Such an application can be made to the district court upon remand in this case.

[¶ 34] We conclude the order dated May 2, 1995, is a final, appealable order and Lende's appeal to the district court is timely.

[¶ 35] We reverse the judgment of the district court dismissing Lende's appeal and remand the case to the district court to render a decision on the merits.

[¶ 36] MESCHKE and NEUMANN, JJ., and ZANE ANDERSON, District Judge, concur.

[¶ 37] ZANE ANDERSON, District Judge, sitting in place of SANDSTROM, J., disqualified.

[¶ 38] VANDE WALLE, Chief Justice, concurring specially.

In view of section 28–32–15(1), N.D.C.C., I do not agree a "notice" is required under Rule 77(d), N.D.R.Civ.P. Nevertheless, Lende obviously relied on the Bureau to act, and its delay in this case is unexplained and inexcusable. I concur in the result.

[¶ 39] Gerald W. Vande Walle, C.J.