1998 ND 23

**Frank FREEZON, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

Civil No. 970209.

Supreme Court of North Dakota.

Jan. 26, 1998.

———

Deborah J. Carpenter, of Carpenter Law Offices, Bismarck, for claimant and appellant.

Lawrence E. King, Special Assistant Attorney General, Bismarck, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Frank Freezon appealed from a judgment affirming a Workers Compensation Bureau order denying his request for lost-time disability benefits. We conclude the Bureau's order is not an appealable order. We dismiss the appeal, but remand the case to the Bureau for further consideration.

[¶ 2] On April 20, 1989, Freezon, while employed as a correctional officer at the State Penitentiary, suffered injuries to his left eye, right hip, and left shoulder when an inmate struck him. Freezon filed an application for workers compensation benefits, and the Bureau accepted liability, awarding Freezon associated medical benefits. No lost-time disability benefits were awarded to Freezon because he did not miss five or more consecutive days of work. There was no other action on the claim for several years.

[¶ 3] On February 17, 1994, Freezon notified the Bureau he was scheduled for hip surgery and would miss work for six to eight weeks. But he also informed the Bureau he had sick leave to use for his missed work days. The next day the Bureau sent an application form for lost-time disability benefits to Freezon and his employer, but Freezon did not return the form.

[¶ 4] On March 4, 1994, Freezon underwent surgery for a total right hip replacement. Afterward, the doctor recommended Freezon not return to the type of work he was doing. Freezon returned to work on July 13, 1994, but retired from the Penitentiary about one month later. The Bureau determined the medical expenses for the hip replacement surgery were compensable under the 1989 claim and paid those costs.

[¶ 5] On August 29, 1995, Freezon's attorney submitted a letter to the Bureau requesting payment of lost-time disability benefits from March 4, 1994, through July 12, 1994, when Freezon was recuperating from surgery. The Bureau sent Freezon another lost-time disability benefits claim form, which he completed and returned to the Bureau on May 3, 1996.

[¶ 6] On July 29, 1996, the Bureau issued an order denying Freezon's request for lost-time disability benefits. The Bureau found

Freezon's period of claimed disability ended more than one year before he applied for the lost-time disability benefits, thus disqualifying him from receiving them under N.D.C.C. § 65–05–08(5) (1995). Rather than request a formal administrative hearing, Freezon appealed directly to district court. The district court affirmed the Bureau's order.

[¶ 7] On appeal Freezon argues that his initial application for benefits in 1989 is sufficient to avoid N.D.C.C. § 65–05–08(5) (1995) prohibiting lost-time benefits for more than one year prior to the filing of the initial lost-time claim form.

[¶ 8] The Bureau asserts Freezon's appeal should be dismissed because he did not make a request for reconsideration after the Bureau issued its informal order denying lost-time disability benefits. We agree.

[¶ 9] After the district court affirmed the Bureau's order in Freezon's appeal, this Court rendered its decision in *McArthur v. Workers Compensation Bureau*, 1997 ND 105, 564 N.W.2d 655. In *McArthur*, 1997 ND 105, ¶ 10, 564 N.W.2d 655, we held an informal Bureau decision based on a claim form, medical records, and letters, and issued without the benefit of a formal evidentiary hearing, is not an appealable order:

"N.D.C.C. § 65–10–01, which authorizes an appeal of the Bureau's final action denying a claimant's right to participate in the fund, does not apply to an informal decision, but applies only to 'an order following a timely request for reconsideration.' N.D.C.C. § 65–01–14(4). The specific provision in N.D.C.C. § 65–01–14(4) making a request for reconsideration necessary before an appeal may be taken in workers compensation cases prevails over the general provision in N.D.C.C. § 28–32–14, which states filing a petition for reconsideration is not a prerequisite for seeking judicial review of a final order of an administrative agency. The general statute on appeals from administrative agency decisions, N.D.C.C. § 28–32–15, does not authorize McArthur's appeal from the Bureau's informal decision. N.D.C.C. § 28–32–15(1) authorizes a party to appeal an administrative agency order, 'except in cases where the order of the administrative agency is declared final by any other statute.' That exception is met by N.D.C.C. § 65–01–14(4), which provides, absent a request for reconsideration, an informal decision of the Bureau 'is final, subject only to reopening of the claim under section 65–05–04.' Because McArthur did not file a request for reconsideration, the informal decision became final, subject only to reopening under N.D.C.C. § 65–05–04. We conclude the Bureau's informal decision was not appealable."

[¶ 10] Freezon's attempts to distinguish his case from *McArthur* are unpersuasive. He argues *McArthur* involved an "original claim" for benefits, while his original claim for benefits was filed and accepted by the Bureau in 1989. But Freezon's argument ignores that he was not awarded lost-time disability benefits in 1989 because he did not miss the requisite amount of work to qualify for those benefits. Freezon's attempt to obtain lost-time disability benefits in connection with his 1994 hip replacement surgery was as much an "original claim" for that type of benefit as any "original claim" associated with a compensable injury. We see nothing in N.D.C.C. § 65–01–14 (1995),[1] which specifically applies to "a claim for benefits or reapplication for benefits," to support the distinction proposed by Freezon. As in *McArthur*, 1997 ND 105, ¶ 11, 564 N.W.2d 655, Freezon's premature appeal before a full evidentiary hearing confines decisionmaking to a sparse and incomplete record, and has restricted our appellate review.[2]

---

1. N.D.C.C. § 65–01–14 was repealed by the Legislature in 1997 and its substantive provisions are now codified at N.D.C.C. § 65–01–16. *See* 1997 N.D. Sess. Laws Ch. 532, §§ 1 and 6. The new codification applies to all claims for benefits filed after July 31, 1997, regardless of the date of injury. *Id.* at § 7.

2. Freezon's case is distinguishable from this Court's decision in *Lende v. Workers' Compensation Bureau*, 1997 ND 178, ¶¶ 14 and 34, 568 N.W.2d 755, where we held a decision of the Bureau issued without benefit of an evidentiary hearing was an appealable order. However, in *Lende* there was a request for reconsideration by the claimant followed by several attempts to have the Bureau set a formal hearing date, but the Bureau did nothing. We reversed and remanded to the district court, which had dismissed the

[¶ 11] We conclude the Bureau's informal decision in this case is not an appealable order. While a dismissal of the appeal would normally operate to render the informal order a final order subject only to reopening under N.D.C.C. § 65–05–04, we note the *McArthur* decision upon which we rely to dismiss the appeal was not issued until after the district court affirmed the Bureau's order. Under these circumstances, we will apply the *McArthur* remedy, dismissing the appeal but remanding to the Bureau to treat the notice of appeal as a request for reconsideration. *McArthur,* 1997 ND 105, ¶ 12, 564 N.W.2d 655. We caution, however, that this will not continue to be a standard practice on the part of this Court. The rules governing the appellate process should not be taken lightly, and our admonitions to follow them should not be treated as "empty noise." *See, e.g., State v. Freed,* 340 N.W.2d 172, 175–176 (N.D.1983).

[¶ 12] The appeal is dismissed and the case is remanded to the Bureau for further consideration.

[¶ 13] NEUMANN, MARING, MESCHKE, JJ., and ROBERT W. HOLTE, District Judge, concur.

[¶ 14] ROBERT W. HOLTE, District Judge, sitting in place of SANDSTROM, J., disqualified.

appeal, to render a decision on the merits. *Lende,* 1997 ND 178, ¶ 35, 568 N.W.2d 755. Freezon, like the claimant in *McArthur,* made no attempt to request a reconsideration of the informal order denying lost-time disability benefits.