1998 ND 131

Fred BOGER, Claimant and Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
Appellee,

and

**Main Electric Construction, Inc., Respondent.**

Civil No. 970338.

Supreme Court of North Dakota.

June 30, 1998.

Stephen D. Little, of Dietz, Little & Haas, Bismarck, for claimant and appellant.

Lawrence E. King, Special Assistant Attorney General, Bismarck, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Fred Boger appealed from a judgment dismissing his appeal from a Workers Compensation Bureau order denying his claim for disability benefits. We conclude the district court erred in ruling Boger's appeal was untimely, and we reverse and remand for further proceedings.

[¶ 2] On July 28, 1988, Boger was injured while working as a lineman for Main Electric Construction, Inc., of Minot. The Bureau accepted liability and paid Boger's medical expenses, but did not pay him disability benefits. In February 1995, Boger applied for disability benefits for lost time from work. The Bureau issued an order denying his claim on October 6, 1995. On October 26, 1995, Boger submitted a petition to the Bureau requesting a formal hearing on its October 6 order.

[¶ 3] Following an administrative hearing, the Administrative Law Judge (ALJ) on January 23, 1997, recommended affirming the Bureau's October 6, 1995 order denying disability benefits. The Bureau issued a final order adopting the ALJ's recommended decision on February 3, 1997.

[¶ 4] On March 4, 1997, Boger served a petition for reconsideration of the Bureau's February 3 order. The Bureau did not respond to the petition. On March 31, 1997, Boger filed a notice of appeal and specification of error with the district court. This was 27 days after Boger filed the second petition for reconsideration and 58 days after the Bureau issued its February 3 final order denying benefits.

[¶ 5] The Bureau moved to dismiss Boger's appeal. The district court granted the motion, ruling Boger's failure to appeal within 30 days after notice of the February 3, 1997 order had been given was fatal to the appeal.

[¶ 6] Boger, in his appeal to this Court, argues he was entitled to request reconsideration of the Bureau's final February 3 order under N.D.C.C. § 28–32–14, rather than only appeal the order to district court under N.D.C.C. § 28–32–15. The Bureau argues Boger exhausted his right to request reconsideration when he requested a formal hearing, and after the Bureau issued its final order after the hearing, Boger could no longer request reconsideration, but was limited to taking a direct appeal to district court within 30 days after receiving notice of the order.

[¶ 7] An appeal from an administrative agency to the district court invokes appellate jurisdiction that is conferred by statute. *Lende v. North Dakota Workers' Compensation Bureau*, 1997 ND 178, ¶ 10, 568 N.W.2d 755. This is another in a recent line of cases on appealability of Bureau orders which requires us to examine the "virtually incomprehensible quagmire" of statutes governing informal and formal decisionmaking, finality, and requests for reconsideration, a "labyrinthian procedural morass that ensnares unsuspecting workers and their lawyers." *Gregory v. North Dakota Workers Compensation Bureau*, 1998 ND 94, ¶ 16 n. 4, 578 N.W.2d 101.

[¶ 8] The Bureau is not generally exempted from the requirements of the Administrative Agencies Practice Act, N.D.C.C. Ch. 28–32. In *Steele v. North Dakota Workmen's Compensation Bureau*, 273 N.W.2d 692, 701 (N.D.1978), this Court, construing together the Workers Compensation Act, N.D.C.C. Ch. 65–01, and the Administrative Agencies Practice Act, held whenever the Bureau initially disallows a claim based on a record made at an "informal hearing," the claimant, upon request, is entitled to an evidentiary hearing, whether designated as a formal hearing or rehearing, if there is a dispute about material facts. Implicit in the decision in *Steele* are the due-process concerns if the claimant is allowed no evidentiary hearing despite carrying the burden of

establishing the right to benefits. Interpretation of a request for reconsideration, in the context of the Bureau's unique combination of "informal" and "formal" hearing processes, is the focus of the dispute in this case.

[¶ 9] Both the Administrative Agencies Practice Act and the Workers Compensation Act have provisions dealing with requests for reconsideration. N.D.C.C. § 28–32–14 provides in pertinent part:

*"Petition for reconsideration.*

"1. Any party before an administrative agency who is aggrieved by the final order of the agency, within fifteen days after notice has been given as required by section 28–32–13, may file a petition for reconsideration with the agency. Filing of the petition is not a prerequisite for seeking judicial review.

"2. Any party appearing before the workers compensation bureau may have thirty days within which to file a petition for reconsideration.

"3. The party must submit with the petition for reconsideration a statement of the specific grounds upon which relief is requested or a statement of any further showing to be made in the proceeding. The petition must also state whether a rehearing is requested. The petition and any statement shall be considered a part of the record in the proceeding.

"4. The administrative agency may deny the petition for reconsideration or may grant the petition on such terms as it may prescribe. If a rehearing is granted, the agency may allow a new hearing or limit the hearing as appropriate. The agency may dissolve or amend the final order and set the matter for further hearing. The petition is deemed to have been denied if the agency does not dispose of it within thirty days after the filing of the petition. Any rehearing must be presided over by the same person or persons presiding previously at hearing, if available. Any amended findings, conclusions, and orders must be issued by the same person or persons who issued the previous recommended

or final orders, if available. Within thirty days after the close of proceedings upon reconsideration, or as soon thereafter as possible, the agency shall issue and give notice of its order upon reconsideration as required in subsection 3 of section 28–32–13."

Under N.D.C.C. § 28–32–15(1), a party requesting reconsideration under N.D.C.C. § 28–32–14 has 30 days to appeal "after notice of the final determination upon reconsideration has been given," and if an agency does not dispose of a petition for reconsideration within 30 days after the filing of the petition, the agency is "deemed to have made a final determination upon which an appeal may be taken."

[¶ 10] N.D.C.C. § 65–01–14[1] provided in pertinent part:

*"Informal decision by bureau.* Notwithstanding sections 28–32–05, 28–32–08, and 28–32–13, the following procedures must be followed when a claim for benefits or reapplication for benefits is made under this title:

\* \* \* \* \* \*

"4. The bureau shall make its informal decision on the claim after filing of the claim and the physician's certificate. The bureau shall issue a notice of decision, including a short summary indicating the reason for decision, and shall serve the notice on the parties by mailing a copy to the parties by regular mail. The bureau is not required to make findings of fact and conclusions of law when it makes an informal decision. Any party may, within thirty days of the date of mailing of notice of initial award, request reconsideration by filing a written request for reconsideration. The request may be accompanied by affidavits, medical records, or other evidence not previously submitted to the bureau. No later than sixty days following filing of a request for reconsideration, the bureau shall issue an order conforming to the requirements of chapter 28–32. Following issuance of an order, any party may

---

**1.** N.D.C.C. § 65–01–14 was repealed by the Legislature in 1997, but similar provisions are currently codified at N.D.C.C. § 65–01–16. *See* 1997 N.D. Sess. Laws Ch. 532, §§ 1 and 6.

request rehearing or file an appeal in accordance with chapter 28–32. If a timely request for reconsideration is not filed, the decision of the bureau is final, subject only to reopening of the claim under section 65–05–04. The provisions of section 65–10–01, relating to appeals from decision of the bureau, apply only when the bureau issues an order following a timely request for reconsideration."

[¶ 11] Recent case law has attempted to set some basic ground rules governing appealability in the context of the "informal" and "formal" Bureau decisionmaking processes. We have held an informal order of the Bureau, made from the claim form and medical records and without a formal evidentiary hearing, is not appealable because the specific provisions of N.D.C.C. § 65–01–14(4) making a request for reconsideration necessary before an appeal can be taken prevails over the general provision in N.D.C.C. § 28–32–14, which states filing a petition for reconsideration is not a prerequisite for seeking review of a final administrative order. *See Freezon v. North Dakota Workers Compensation Bureau*, 1998 ND 23, ¶¶ 9–10, 574 N.W.2d 577; *McCarty v. North Dakota Workers Compensation Bureau*, 1998 ND 9, ¶ 9, 574 N.W.2d 556; *McArthur v. North Dakota Workers Compensation Bureau*, 1997 ND 105, ¶ 10, 564 N.W.2d 655. On the other hand, when the Bureau issues an order denying benefits and the claimant petitions for reconsideration and a hearing, but the Bureau fails to schedule a hearing, the order is final and appealable because, under N.D.C.C. §§ 28–32–14(4) and 28–32–15(1), the claimant's petition for reconsideration is deemed to have been denied when the Bureau fails to act on it in a timely manner. *See Lende*, 1997 ND 178, ¶¶ 16–22, 568 N.W.2d 755.

[¶ 12] Thus, if a claimant fails to petition for reconsideration or request a hearing, but instead immediately appeals, the order is not then appealable and reviewable. However, if the claimant petitions for reconsideration or requests a hearing and the Bureau fails to act on the request within 30 days, the request is deemed denied, the order becomes final, and the claimant can ap-

peal. *See Gregory*, 1998 ND 94, ¶ 13, 578 N.W.2d 101. The narrow issue to be resolved in this case is whether, after the Bureau has issued an informal decision denying benefits and the claimant requests a hearing, and an evidentiary hearing is held which results in a final Bureau order denying benefits, the claimant may request the Bureau to reconsider its final order. We conclude the claimant is statutorily authorized to do so.

[¶ 13] The Bureau attempts to support its argument by parsing its "informal" and "formal" hearing processes into yet another procedural category. The Bureau asserts its "initial hearing" is simply the "internal decision making process" in which the Bureau gathers information and makes a decision. This process results in a "notice of decision," sometimes referred to as an "informal order," but actually is a "notice of decision evolving out of an informal process." The Bureau argues that, at this point, N.D.C.C. § 65–01–14(4) and (5) allow a claimant who disagrees with the "notice of decision" to "request reconsideration" of the decision within 30 days. According to the Bureau, this request for reconsideration obligates it to issue an "administrative order," which is often referred to as a "formal order," but actually is an "administrative order arising out of a formal process."

[¶ 14] The Bureau asserts the claimant then has the option of appealing under N.D.C.C. § 28–32–15, or filing a "petition for reconsideration" under N.D.C.C. § 28–32–14, which would result in the claimant receiving a formal administrative hearing. After the ALJ issues a recommended order, the Bureau then issues a "final order" either adopting or rejecting the recommended order, and this "final order" is subject only to appellate review under N.D.C.C. § 28–32–15 because the "petition for reconsideration" under N.D.C.C. § 28–32–14 has already been "exhausted." The Bureau thus asserts the phrase "request for reconsideration" used in N.D.C.C. § 65–01–14 is what a claimant submits after a notice of decision in order to obtain an administrative order, while the phrase "petition for reconsideration" used in N.D.C.C. § 28–32–14 is what a claimant sub-

mits after receiving an administrative order to obtain a formal evidentiary hearing.

[¶ 15] We interpret statutes in context. *Johnson v. North Dakota Workers' Compensation Bureau,* 484 N.W.2d 292 (N.D.1992). When statutes relate to the same subject matter, we make every attempt to harmonize and give meaningful effect to each statute without rendering one or the other useless. *Interest of K.G.,* 551 N.W.2d 554 (N.D.1996). We also interpret statutes to avoid absurd or ludicrous results. *Ohnstad Twichell, P.C. v. Treitline,* 1998 ND 10, ¶ 20, 574 N.W.2d 194. There are several flaws in the Bureau's argument.

[¶ 16] The Bureau's attempt to characterize a claimant's request for reconsideration which results in a formal evidentiary hearing as a request made under N.D.C.C. § 28–32–14 is unpersuasive. Under the express terms of N.D.C.C. § 28–32–14(4), the Bureau would be allowed to "deny the petition for reconsideration or ... grant the petition on such terms as it may prescribe." However, under this Court's decision in *Steele,* the Bureau has no discretionary authority to refuse a claimant's request for an evidentiary hearing made through a request for reconsideration. The formal evidentiary hearing required by *Steele* when a claimant requests reconsideration is obviously codified in N.D.C.C. § 65–01–14(4), which does not give the Bureau any discretionary authority to grant or deny a request for reconsideration. *See Gregory,* 1998 ND 94, ¶ 15, 578 N.W.2d 101 ("A request for a hearing is a petition for reconsideration under NDCC 65–01–14(4)."). Thus, even under the Bureau's reasoning, at this point in the proceedings, Boger's request for reconsideration under N.D.C.C. § 28–32–14 had not yet been made, so it could not be "exhausted."

[¶ 17] Furthermore, the Bureau's suggestion that, after it issues an "administrative order arising out of a formal process," the claimant has an option of either appealing under N.D.C.C. § 28–32–15, or filing a petition for reconsideration under N.D.C.C. § 28–32–14 which would result in a formal administrative hearing, ignores this Court's recent decisions. If a claimant does not attempt to request a reconsideration or formal evidentiary hearing, the claimant has no right to appeal. *See Freezon,* 1998 ND 23, ¶¶ 9–10, 574 N.W.2d 577; *McArthur,* 1997 ND 105, ¶ 10, 564 N.W.2d 655.

[¶ 18] The Bureau asserts it would be "impossible ... to complete its business if it had to follow the complicated quasi-judicial procedures" set forth in the Administrative Agencies Practice Act. Although parties appearing before other administrative agencies are allowed to file a petition for reconsideration after a formal hearing and issuance of a final order, the Bureau views the petition for reconsideration as "simply ... a time consuming, unnecessary and wasteful additional stage of litigation." While a petition for reconsideration may cause some delay, it also may assist the Bureau in arriving at sound decisions. A petition may bring the Bureau's attention to arguments that were not addressed or to relevant recent changes in statutory or decisional law that could change the result. A petition could also draw the Bureau's attention to ambiguous parts of rulings that could benefit from clarification. If the reconsideration under N.D.C.C. § 28–32–14 is granted, it may even resolve the matter, or at least narrow the issues for an appeal. In any event, if the Bureau believes petitions for reconsideration are "unnecessary" and "wasteful," it should ask the Legislature to do away with them because the present statutory scheme allows the filing of petitions to reconsider final orders in Bureau proceedings. In other administrative proceedings, the parties may receive two evidentiary hearings and we will not read the rehearing procedure granted parties to administrative proceedings in N.D.C.C. § 28–32–14 out of the Bureau's proceedings absent a specific provision so stating in the statute.

[¶ 19] Under N.D.C.C. § 28–32–15(1), the Bureau is deemed to have made a final determination of a petition for reconsideration if it does not act within 30 days after the filing of the petition. The Bureau did not act on Boger's petition and, accordingly, its decision became a final, appealable order. *See Gregory,* 1998 ND 94, ¶ 16, 578 N.W.2d 101; *Lende,* 1997 ND 178, ¶ 20, 568 N.W.2d 755. Because Boger's appeal was timely, we con-

clude the district court erred in dismissing the appeal.

[¶ 20] The judgment is reversed and the case is remanded for consideration of the merits of Boger's appeal.

[¶ 21] MESCHKE, SANDSTROM, MARING and NEUMANN, JJ., concur.

