2002 ND 161

**David GROSS, Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 20020086.

Supreme Court of North Dakota.

Oct. 15, 2002.

Andrea H. Smith, Minot, ND, for appellant.

Jean R. Mullen, Bismarck, ND, for appellee.

SANDSTROM, Justice.

[¶ 1] David Gross, a medicaid recipient, appealed from a district court judgment dismissing his appeal from a decision by the North Dakota Department of Human Services to place him in the lock-in program under N.D. Admin. Code § 75–02–02–11. We conclude the Department's decision is an appealable order under N.D.C.C. §§ 28–32–42 and 28–32–01(7). We reverse and remand to the district court for a decision on the merits of the appeal.

I

[¶ 2] In January 2001, the Department's Medical Services Division conducted a medicaid utilization review of medical services provided to Gross. In May 2001, the Medical Services Division notified Gross it was placing him in the lock-in program under N.D. Admin. Code § 75–02–02–11. The Medical Services Division informed Gross he would be required to select one physician and one pharmacy to manage his medical care, and before he could receive any medical services from other physicians, he would have to receive a referral from his lock-in physician. The Medical Services Division advised Gross he would be responsible for payment of any medical services received without a referral from his lock-in physician. Gross re-

quested a hearing. An administrative law judge recommended the Department uphold the decision by the Medical Services Division to place Gross in the lock-in program, and the Department adopted the administrative law judge's recommendation.

[¶ 3] Gross appealed to the district court. The district court dismissed his appeal, concluding the Department's order was not a final appealable order under N.D.C.C. § 28–32–42(1), because it did not determine the legal rights, duties, privileges, immunities or other legal interests of Gross. Gross appealed to this Court.

[¶ 4] Gross's appeal to this Court is timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49. The district court's jurisdiction, however, is a disputed issue.

II

■ [¶ 5] Section 28–32–42(1), N.D.C.C., authorizes appeals to the district court from final orders of an administrative agency, *see Raboin v. North Dakota Dep't of Human Services*, 552 N.W.2d 329, 332 (N.D.1996), and provides "[a]ny party to any proceeding heard by an administrative agency, except when the order of the administrative agency is declared final by any other statute, may appeal from the order within thirty days after notice of the order has been given as required by section 28–32–39." Section 28–32–01(7), N.D.C.C., defines "order" as "any agency action of particular applicability which determines the legal rights, duties, privileges, immunities, or other legal interests of one or more specific persons."

[¶ 6] The Department does not argue its lock-in decision is declared final by any other statute. The Department admits its internal procedures for evaluating a medic-

aid recipient's lock-in status provided Gross with an opportunity for an administrative hearing at which he could attempt to show the decision to place him in the lock-in program was arbitrary. The Department, however, argues its order issued after review of a medicaid recipient's lock-in status is not an appealable order, because its

action to place Gross in the Lock–In Program did not affect any substantive Medicaid privileges. It did not terminate, suspend, or reduce either his Medicaid eligibility or any services he may need. It merely requires him to have one primary physician or provider. N.D. Admin. Code § 75–02–02–11(1)(a). As necessary, the physician can refer Gross to specialists for services. N.D. Admin. Code § 75–02–02–11(8)(b)....  The imposition of lock-in is time limited. *See* 42 C.F.R. § 431.54(e) (providing the agency may restrict an individual's access to designated providers "for a reasonable period of time").

For this reason, the Supreme Court should uphold the dismissal of the appeal because there is no statutory right to appeal the Department's decision under N.D.C.C. ch. 28–32 and, therefore, the district court had no jurisdiction over this action.

[¶ 7] The dispositive issue is whether the Department's decision "determines the legal rights, duties, privileges, immunities, or other legal interests of" Gross under the definition of "order" in N.D.C.C. § 28–32–01(7).

■ [¶ 8] The interpretation of a statute is a question of law, fully reviewable on appeal. *In re Juran and Moody, Inc.*, 2000 ND 136, ¶ 6, 613 N.W.2d 503. Our primary objective in construing a statute is to ascertain legislative intent by looking first at the language of the statute

and giving it its plain, ordinary, and commonly understood meaning. *Lende v. North Dakota Workers' Comp. Bureau*, 1997 ND 178, ¶¶ 12, 19, 568 N.W.2d 755. We read statutes as a whole to give meaning to each word and phrase, whenever fairly possible. *Juran and Moody*, at ¶ 6. If the statutory language is clear and unambiguous, the legislative intent is presumed clear from the face of the statute. *Id.* In other contexts, this Court has recognized the right to appeal is an important right and statutes conferring that right must be liberally construed. *First Trust Co. v. Conway*, 345 N.W.2d 838, 840-41 (N.D.1984) (citing *State v. Howe*, 247 N.W.2d 647, 651 (N.D.1976)).

[¶ 9] The plain ordinary meaning of a "right" is something to which a person has a just claim, such as a privilege that belongs to a person by law. Webster's New World Dictionary 1225 (2nd coll. ed.1980). The same source defines "interest" as a right or claim to something, and a "privilege" as a right, advantage, favor or immunity specially granted to one; especially a right held by a certain individual, group, or class and withheld from others. *Id.* at 734, 1131.

[¶ 10] The Department's decision to place Gross in the lock-in program limits his rights as a medicaid recipient in the sense that he is treated differently from other medicaid recipients who are not in the lock-in program. Under the lock-in program, Gross is required to have one primary physician and one pharmacist, and he is precluded from getting second medical opinions without referrals from his designated primary care physician. Medicaid recipients who are not in the lock-in program are not restricted in that manner. The Department's decision treats Gross differently from other medicaid recipients. The Department's decision to place Gross in the lock-in program limits his choices

for medical care in a manner that affects his legal rights, interests, and privileges within the plain and ordinary meaning of an order, as defined in N.D.C.C. § 28–32–01(7). *See Raboin*, 552 N.W.2d at 332 (filing of report of probable cause of child abuse could trigger actions by others that might result in future proceedings affecting legal interests of parties involved, and constitutes appealable final order under N.D.C.C. ch. 28–32). We conclude the Department's decision is an appealable order under N.D.C.C. §§ 28–32–42 and 28–32–01(7).

### III

[¶ 11] Although Gross asks us to decide the merits of his appeal, in cases with similar procedural contexts, this Court has remanded to the district court for a decision on the merits of the administrative agency's decision. *See Juran and Moody*, 2000 ND 136, ¶ 28, 613 N.W.2d 503 (reversing district court's dismissal of Securities Commissioner's appeal from final decision of Administrative Law Judge and remanding to district court for decision on merits); *Boger v. North Dakota Workers Comp. Bureau*, 1998 ND 131, ¶¶ 1, 20, 581 N.W.2d 463 (reversing district court's dismissal of claimant's appeal as untimely and remanding to district court for consideration of merits); *Lende*, 1997 ND 178, ¶ 35, 568 N.W.2d 755 (reversing district court's dismissal of claimant's appeal and remanding to district court for decision on merits); *Cahoon v. North Dakota Workers Comp. Bureau*, 482 N.W.2d 865, 868–69 (N.D.1992) (reversing district court's dismissal of claimant's appeal and remanding to district court for review under appropriate standard of review of agency decision); *Hammond v. North Dakota State Pers. Bd.*, 332 N.W.2d 244, 252 (N.D.1983) (reversing district court's dismissal of state employee's appeal from decision of State Personnel Board and remanding to

district court for proceedings on merits). We, therefore, decline the request to address the merits of this appeal.

### IV

[¶ 12] We reverse the district court judgment and remand to that court for a decision on the merits.

[¶ 13] VANDEWALLE, C.J., NEUMANN, MARING, and KAPSNER, JJ., concur.